FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 MAR 29 P 3: 4⁹

CLERK _C.Ada._
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 110-003 |
| | ) | (Former CR 107-130) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Jackson, an inmate currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the United States of America ("the Government").

I.      **BACKGROUND**

Petitioner, along with two co-defendants, was named in an indictment in the Southern District of Georgia on November 9, 2007. United States v. Durham et al., CR 107-130, doc. no. 3 (S.D. Ga. Nov. 9, 2007) (hereinafter "CR 107-130"). Petitioner was charged with distribution of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). Id. Todd Boudreaux was appointed to represent Petitioner, see id., doc. nos. 8, 37, and, with counsel's assistance, Petitioner entered into a negotiated plea agreement with the government whereby

he agreed to plead guilty to the charge of distribution of cocaine. Id., doc. nos. 55, 57. On April 2, 2008, the Honorable Dudley H. Bowen, Jr., United States District Judge, sentenced Petitioner to 160 months of imprisonment.[1] Id., doc. no. 68.

Petitioner, still represented by Attorney Boudreaux, filed an appeal in the Eleventh Circuit Court of Appeals. On appeal, Petitioner argued that he was entitled to a mitigating role adjustment under U.S.S.G. § 3B1.2. United States v. Jackson, 320 F. App'x 919, 920 (11th Cir. 2009) (*per curiam*). The Eleventh Circuit affirmed his judgment in an unpublished, *per curiam* opinion, stating that Petitioner was not eligible for a mitigating role adjustment due to his career offender status under U.S.S.G. § 4B1.1. Id. The Eleventh Circuit also noted that Petitioner did not challenge his designation as a career offender on appeal, but, nevertheless, the court found no error in it. Id. at 920 n.2. Thereafter, Petitioner timely filed the present motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner claimed that his counsel was ineffective for the following reasons:

(1)     he failed to object to the career offender enhancement at sentencing;

(2)     he failed to challenge the career offender enhancement on appeal; and

(3)     he failed to object to the imposition of three criminal history points at sentencing for a prior felony conviction.

(Doc. no. 1, p. 4.) Petitioner argues in both his petition and his reply brief, that his designation as a career offender was erroneous. (See id.; doc. no. 4.) Petitioner claims that

---

[1]Because Petitioner had prior convictions for the sale of cocaine and aggravated assault, he qualified as a career offender under the United States Sentencing Guidelines ("Sentencing Guidelines"), U.S.S.G. § 4B1.1(b)(B). (Presentence Investigation Report ("PSI") ¶¶ 7, 32, 36.) This enhancement resulted in a total offense level of 29 after a downward departure for acceptance of responsibility and a sentencing range of 188-253 months. (Id. ¶¶ 23-24); CR 107-130, doc. no. 77, pp. 4-5.

2

his felony conviction in 1990 for the sale of cocaine should not have been counted because it occurred more than fifteen years before his 2008 conviction. (Doc. no. 1, p. 4; doc. no. 4, pp. 1-2.) It is this same 1990 felony conviction that resulted in the addition of the three criminal history points that Petitioner also argues was in error. (Doc. no. 1, p. 4.) Petitioner also requests a hearing. (Doc. no. 4, p. 2.)

In its response, the Government argues that all of Petitioner's claims should be denied because they are without merit or, in the alternative, procedurally barred. (See generally doc. no. 3.) For the following reasons, the Court agrees with the Government.

## II.    DISCUSSION

### A.    No Need for Evidentiary Hearing

The Court recognizes that, in the Eleventh Circuit, the general rule is "that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. Stated another way:

> Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.

Stephens v. United States, 14 F. Supp.2d 1322, 1334 (N.D. Ga. 1998) (citation omitted).

As described in detail below, the Court finds that because Petitioner's claims are

affirmatively contradicted by the record, procedurally barred, or otherwise fail as a matter of law, no evidentiary hearing is necessary in this case.

### B.    Petitioner's Claims Lack Merit

#### 1.    Procedural Bar

Petitioner did not advance any of his current arguments at sentencing or on appeal. (See doc. no. 1, p. 4.) "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge."[2] United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (*per curiam*) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills, 36 F.3d at 1055. Furthermore, alleged errors concerning the Sentencing Guidelines are not generally cognizable on collateral attack. Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (*per curiam*). "Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255." Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996).

In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted). A procedural bar or default cannot be overcome unless the § 2255 movant "can demonstrate

---

[2]As discussed *infra* in Section II. B. 2., ineffective assistance of counsel claims are excepted from the procedural default rule. See Massaro v. United States, 538 U.S. 500, 509 (2003).

4

a cause for this default and show actual prejudice suffered as a result of the alleged error." Montano, 398 F.3d at 1280. "In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he could [sic] show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Similarly, claims that are raised and rejected on direct appeal are generally precluded from reconsideration in a § 2255 motion. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills, 36 F.3d at 1056; Edwards v. United States, 795 F.2d 958, 961 (11th Cir. 1986); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981) (*per curiam*). As the Seventh Circuit noted, "[W]e do not see how a federal prisoner--who must file his motion for relief under 2255 in the very court that convicted him--can be allowed to do so if all he is doing is rehashing a claim that had been rejected on the direct appeal." White v. United States, 371 F.3d 900, 902 (7th Cir. 2004). Nor will the Court reconsider a previously raised claim where it is merely a re-characterization of an issue raised on direct appeal.[3] Nyhuis, 211 F.3d at 1343. Here, although Petitioner did not challenge his designation as a career offender on appeal, as previously noted, the Eleventh Circuit considered his designation as such and found no error in it. Jackson, 320 F. App'x at 920.

---

[3]Stated another way, simply putting a new name on an old issue will not suffice.

## 2.  Ineffective Assistance of Counsel Claims

Here, Petitioner brings claims that were not raised on direct appeal, and would be procedurally barred but for the fact that they are couched in terms of ineffective assistance of counsel. Such claims are excepted from the general procedural default rules explained above. Lynn, 365 F.3d at 1234 n.17 (citing Massaro, 538 U.S. at 502-03). However, to establish ineffective assistance of counsel, Petitioner must meet a two-part test; this test is not a favorable standard for Petitioner. Massaro, 538 U.S. at 505. Petitioner first must show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Id. at 689; see also Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). "A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Additionally, in the context of a guilty plea, the Court must normally inquire as to whether the counsel's performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

As to appellate counsel, the Court's analysis under Strickland is further guided by the principle that appellate counsel is not ineffective when he fails to raise a frivolous argument on appeal. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). Stated another

6

way, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984) *superceded by statute on other grounds as recognized in* Hargrove v. Solomon, 227 F. App'x 806, 808 (11th Cir. 2007) (*per curiam*). Neither does the Sixth Amendment require appellate advocates to raise every non-frivolous issue. Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991).

In applying the Strickland components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). For as the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

"Given the strong presumption in favor of competence, the petitioner's burden of

persuasion -- though the presumption is not insurmountable -- is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). "[C]ases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

Because determining whether Petitioner suffered prejudice hinges upon the validity of the underlying claims, Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990) and Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988), the Court will review the merits of the claims which form the basis of Petitioner's ineffective assistance allegations.

### a. Alleged Failure to Object to Petitioner's Designation as a Career Offender and to Challenge that Designation on Appeal

Petitioner alleges that his counsel was ineffective for failing to object to Petitioner's designation as a career offender during sentencing, as well as failing to raise the issue on appeal. (Doc. no. 1, p. 4.) In response, the Government contends that Petitioner's arguments are without merit and therefore, he has not shown prejudice under Strickland. (Doc. no. 3, pp. 4-6.) The Court agrees.

Under the Sentencing Guidelines, a defendant is a career offender if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony

8

convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a)

Here, Petitioner does not dispute that he was over eighteen at the time that he committed the offense at issue, or that the distribution of cocaine is a controlled substance offense. However, Petitioner does dispute that he had two prior felonies by arguing that his felony conviction in 1990 falls outside the fifteen year limit set in U.S.S.G. § 4A1.2(e). (Doc. no. 1, p. 4); (PSI ¶ 32.)

Pursuant to U.S.S.G. § 4A1.2(e), a prior conviction only counts toward career offender status under U.S.S.G. § 4B1.1(a) if: the sentence exceeded one year and one month, and was imposed within fifteen years of commencement of the instant offense;[4] or the sentence exceeded one year and one month, whenever imposed, and resulted in defendant being incarcerated within fifteen years of commencement of the instant offense. Here, Petitioner commenced the conduct that comprised the instant offense on February 22, 2007. (PSI ¶ 7.) Fifteen years prior to that date was February 22, 1992. Thus, while it is true that Petitioner's 1990 conviction for the sale of cocaine occurred more than fifteen years prior to the commencement of the instant offense (PSI ¶ 32), that does not end the Court's analysis. Petitioner was paroled on November 5, 1991, July 31, 2002, and August 3, 2005, and subsequently violated his probation on March 25, 1997, February 27, 2003, and December 3, 2007. (PSI ¶ 32.) Petitioner was incarcerated as a consequence of each violation. (Id.)

---

[4]Thus Petitioner's assertion that the fifteen year time period is calculated from the date of conviction of the instant offense, instead of the date of commencement, is incorrect. (See doc. no. 1, p. 4.)

The Eleventh Circuit has previously stated that "sentences imposed upon revocation of probation can affect the time period under which sentences are counted under U.S.S.G. § 4A1.2(e)(1)," and held that a prior conviction is properly considered towards career offender status if the individual is incarcerated for more than one year and one month within the fifteen year window due to a probation violation. United States v. Shannon, 449 F.3d 1146, 1148 (11th Cir. 2006) (*per curiam*); see also United States v. Gordon, 203 F. App'x 318, 319-20 (11th Cir. 2006) (*per curiam*). Here, as a result of his February 2003 probation violation, Petitioner was incarcerated for over two years in connection with his 1990 conviction for the sale of cocaine, and was still incarcerated within a year-and-a-half of the conduct that comprised the instant offense. (PSI ¶ 32.) Therefore, as in Shannon and Gordon, Petitioner's 1990 felony conviction was properly included under U.S.S.G. § 4A1.2(e), and his claim to the contrary is without merit. Accordingly, Petitioner has failed to show any prejudice as a result of his counsel's failure to object at sentencing to Petitioner's designation as a career offender or his failure to raise the issue on appeal. See Winfield, 960 F.2d 970, 974; Ladd v. Jones, 864 F.2d 108, 110 (11th Cir. 1989) (*per curiam*) (finding that failure of trial counsel to raise meritless issues did not constitute ineffective assistance).[5]

### b. Alleged Failure to Object to Imposition of Criminal History Points

Petitioner also alleges that his counsel was ineffective for failing to object to the

---

[5]Additionally, as already noted, the Eleventh Circuit stated that there was no discernable error in Petitioner's designation as a career offender. Jackson, 320 F. App'x at 920.

imposition of three criminal history points as a result of his 1990 felony conviction. (Doc. no. 1, p. 4.) This argument is, once again, based on Petitioner's contention that his 1990 felony conviction falls outside the 15 year period under U.S.S.G. § 4A1.2(e). (See id.) The Government responds that the same rules used in deciding career offender status also apply here; therefore, the criminal history points were properly added as a result of the 1990 felony conviction. (Doc. no. 3, p. 7.) The Court agrees.

Under U.S.S.G. § 4A1.1(a), three criminal history points are added for each prior sentence exceeding one year and one month. Sentencing Guidelines § 4A1.1(a), cmt. 1, cites U.S.S.G. § 4A1.2(e) for the proposition that sentences imposed more than fifteen years before the commencement of the instant offense are not counted unless the resulting incarceration extends into the fifteen year period. The Eleventh Circuit has stated that, if convictions cannot be counted towards career offender designation, then they cannot be used in criminal history calculations. United States v. Cornog, 945 F.2d 1504, 1509 (11th Cir. 1991). In fact, the Eleventh Circuit faced a similar situation in Gordon that the Court faces here, and found that, when a prior conviction was properly counted under the career offender provision, the additional argument that the conviction should not be used to add criminal history points is moot. See Gordon, 203 F. App'x at 319-20. Thus, for much the same reasons discussed in Section II. C. 1., *supra*, Petitioner's argument that the imposition of three criminal history points as a result of his 1990 conviction was in error, is without merit. As a result, Petitioner has failed to demonstrate prejudice as a result of his counsel's failure to object to the imposition of those points.

In sum, Petitioner has failed to demonstrate prejudice as the result of any of his three

11

claims for ineffective assistance. Thus, he is not entitled to the relief he seeks.

## III.   CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the United States of America.

SO REPORTED AND RECOMMENDED this 29th day of March, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

12